CP:AHT/WDS
F.#2010R00571

M11-611

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF THE SEARCH OF THE            AFFIDAVIT IN SUPPORT
PREMISES KNOWN AND DESCRIBED AS 7508          OF SEARCH WARRANT
BAY PARKWAY, BROOKLYN, NEW YORK               (T. 18, U.S.C., § 1347)

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

JESSICA CARDENAS, being duly sworn, deposes and says:

Upon information and belief, there is probable cause to believe that within the premises known and described as 7508 BAY PARKWAY, BROOKLYN, NEW YORK (the "SUBJECT PREMISES") there are records, files, memoranda, data and other materials, all of which constitute evidence, fruits and instrumentalities of violations and attempted violations of, and conspiracies to violate, inter alia, Title 18, United States Code, Section 1347 (health care fraud), and Title 18, United States Code, Section 1349 (health care fraud conspiracy).

The source of your deponent's information and the grounds for his belief are as follows:

1. I am a Special Agent with the United States Federal Bureau of Investigation ("FBI") and am currently assigned to investigate health care fraud violations, including schemes to defraud the Medicare and Medicaid programs. Among other duties, I am now participating in an investigation relating to

allegations of violations and attempted violations of, and conspiracies to violate, Title 18, United States Code, Section 1347 (Health Care Fraud), and Title 18, United States Code, Section 1349 (Health Care Fraud Conspiracy), by VADIM NEKRITIN and IGOR LOSHAKOV and others known and unknown.

2. I have been a Special Agent with the FBI for approximately six years. During my tenure with the FBI, I have participated in a variety of criminal health care fraud investigations, during the course of which I have interviewed witnesses, conducted physical surveillance, executed search warrants, reviewed Medicare claims data, bank records, phone records, Medicare beneficiaries' medical records, invoices, and other business records. I am familiar with the records and documents maintained by health care providers and the laws and regulations related to the administration of the Medicare program.

3. I have personally participated in the investigation of the offenses referenced above, and am familiar with the relevant facts and circumstances. The information contained in this Affidavit is based on my own observations and on discussions I have had with other law enforcement personnel. Because this Affidavit is being submitted for the limited purpose of obtaining a search warrant, I have not set forth each and every fact learned during the course of this investigation, but

simply those facts that I believe are necessary to establish probable cause to support the issuance of a search warrant of the SUBJECT PREMISES. Except where otherwise noted, all conversations described in this Affidavit are set forth in part and in substance only.

### SUBJECT PREMISES

4. The SUBJECT PREMISES is a free-standing, two-story medical office located in a building at 7508 Bay Parkway in Brooklyn, New York, on Bay Parkway between Bay Ridge Parkway and 76th Street. The SUBJECT PREMISES is accessible through a red door that faces Bay Parkway. A photograph the SUBJECT PREMISES is included in **Attachment A**.[1]

### BACKGROUND

5. The Medicare program ("Medicare") is a federal health care program providing benefits to persons who are over the age of 65 or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who receive benefits under Medicare are referred to as Medicare "beneficiaries."

---

[1] In the event that the SUBJECT PREMISES is partitioned into separate offices or file centers indicating that defendant IGOR LOSHAKOV does not maintain files in that area, agents will not search the area.

3

6.  Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

7.  Medicare includes coverage under two primary components, hospital insurance ("Part A") and medical insurance ("Part B"). Medicare Part B covers the costs of physicians' services and outpatient care, including chemical cauterizations (described in further detail below).

8.  Medical providers certified to participate in Medicare, whether clinics or individuals, are assigned a provider identification number ("PIN") for billing purposes. After a medical provider renders a service, the provider uses its PIN when submitting a claim for reimbursement to the Medicare contractor or carrier assigned to that provider's state.

9.  Medical providers are provided with online access to Medicare manuals and service bulletins describing proper billing procedures and billing rules and regulations. Medical providers are permitted to submit reimbursement claims only for services they actually rendered, and providers are required to maintain patient records verifying the provision of services.

10. To receive reimbursement for a covered service from Medicare, a medical provider is required to submit a claim, either electronically or in writing through Form CMS-1500 or UB-92. The claim must include information identifying the medical provider, the patient and the services rendered.

11.  IGOR LOSHAKOV is a licensed Doctor of Podiatric Medicine certified to participate in the Medicare program. According to Medicare billing records, IGOR LOSHAKOV regularly provides services to Medicare beneficiaries at the SUBJECT PREMISES, including as recently as May 2011. LOSHAKOV also operated an office at 1316B Gravesend Neck Road, Brooklyn, New York (the "Gravesend Neck Location"), among other locations. A search warrant was executed at the Gravesend Neck Location on March 24, 2010 (the "March 24, 2010 search").

12.  The defendant IGOR LOSHAKOV is currently charged, along with another podiatrist, VADIM NEKRITIN, in an eight-count superseding indictment (a copy of which is attached) with conspiracy to commit health care fraud and substantive counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349.

13.  In summary, the superseding indictment charges that NEKRITIN and LOSHAKOV billed Medicare and Medicaid for a minor surgical procedure, called a chemical cauterization of granulation tissue, when the defendants had not actually performed this surgical procedure. The superseding indictment charges that the defendants or their employees provided these patients with routine foot care, such as cleaning and moisturizing the patients' feet and cutting their toenails, and that billing Medicare and Medicaid for a more expensive "surgical procedure" was fraudulent.

14. When a licensed podiatrist applies for reimbursement from Medicare, the podiatrist is assigned a unique PIN number. Further, podiatrists approved for reimbursement from Medicare must specify every office at which they intend to provide services. When submitting claims for reimbursement, a podiatrist must indicate the office at which treatment was provided. Further investigation has revealed that, on numerous occasions, the defendant IGOR LOSHAKOV billed Medicare for services he purportedly rendered at the Gravesend Neck location when, in fact, he provided them at the SUBJECT PREMISES. These purported services included chemical cauterizations of granulation tissue.

15. Agents participating in this investigation have retrieved LOSHAKOV's Medicare billing records from January 2005 to January 2010, and have determined that LOSHAKOV claimed in his Medicare billings that he purportedly performed chemical cauterizations to Felicks Ginzburg, Isabella Ginzburg, Roza Dikarev and Vladimir Dikarev at the Gravesend Neck location. During the March 24, 2010 search, however, investigators did not find the patient files for Felicks Ginzburg, Isabella Ginzburg, Roza Dikarev or Vladimir Dikarev. Accordingly, the agents interviewed Felicks Ginzburg, Isabella Ginzburg, Roza Dikarev and Vladimir Dikarev, and each of them has indicated that, when LOSHAKOV treated them, he did so at the SUBJECT PREMISES.

Moreover, there four patients were not treated with chemical cauterizations despite LOSHAKOV's billing to the contrary. Further, Isabella Ginzburg has told investigators that she recently received treatment from LOSHAKOV at the SUBJECT PREMISES in May 2011.

16. Based on my knowledge, training and experience, medical offices regularly maintain detailed records of their business activities, such as patient files detailing the patients' medical histories, health care benefit and insurance records, and vendor records (such as invoices). Moreover, businesses billing Medicare are required to maintain records of patient files, bills, invoices, and claims for payment and/or reimbursements for services billed, provided, or alleged to have been provided for a period of six years, which would cover the time period of the disputed patient visits when LOSHAKOV was traveling abroad. Those records include, among other things, reimbursement claim forms, explanations of medical benefits, detailed written orders or prescriptions, certificates of medical necessity, information from the treating physician concerning the patients' diagnosis, proof of delivery of services and/or items that were submitted by any representative acting on behalf of LOSHAKOV for reimbursement by Medicare. As such, there is probable cause to believe that there will be located at the SUBJECT PREMISES business records, particularly patient files and

7

Medicare billing records, documenting treatments that were purportedly provided by LOSAHKOV and others involved in the fraudulent scheme.

17. In light of the fact that the SUBJECT PREMISES are currently operating as the same medical offices where the disputed patient visits and disputed chemical cauterizations purportedly occurred, there is probable cause to believe that business records related to Medicare fraud as described herein are being maintained at the SUBJECT PREMISES.

18. Based on all of the foregoing facts, there is probable cause to believe that a search of the SUBJECT PREMISES will lead to the discovery of the items outlined above (described more fully in Attachment B, incorporated by reference herein) which items constitute evidence, fruits, and/or instrumentalities of violations of Title 18, United States Code, Sections 1347 and 1349.

WHEREFORE, your deponent respectfully requests that a warrant be issued pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to search the SUBJECT PREMISES, more particularly described in Attachment A, authorizing the seizure of the items described in Attachment B, which constitute evidence, contraband, fruits, and other items related to violations of Title 18, United States Code, Section 1347 (Health

Care Fraud); and Title 18, United States Code, Section 1349 (Health Care Fraud Conspiracy).

---
JESSICA CARDENAS
Special Agent
Federal Bureau of Investigation

Sworn to before me this
14th day of June, 2011

## ATTACHMENT A

## DESCRIPTION OF PREMISES TO BE SEARCHED

The SUBJECT PREMISES is a free-standing, two-story medical office located in a building at 7508 Bay Parkway in Brooklyn, New York, on Bay Parkway between Bay Ridge Parkway and 76th Street. The SUBJECT PREMISES is accessible through a red door that faces Bay Parkway. A photograph of the SUBJECT PREMISES is below:



10

## **ATTACHMENT B**

## **ITEMS TO BE SEIZED**

Unless otherwise specified, any and all of the following named records, documents, items and information concerning the following, in any format in which the information may exist:

1. Documents constituting, concerning, or relating to patient files of the patients listed in Attachment C, bills, invoices, and claims for payment and/or reimbursement for services billed, provided, or alleged to have been provided to patients to include but not limited to reimbursement claim forms (HCFA/CMS 1500), explanations of medical benefits, dispensing orders, written orders or prescriptions, certificates of medical necessity, information from the treating physician concerning the patients' diagnosis, and proof of delivery of services for or reimbursements by, Medicare and Medicaid by IGOR LOSAHKOV or anyone acting on his behalf.

2. All contracts, agreements, papers, and affiliated records constituting, concerning, or relating to providing of chemical cauterizations by LOSAHKOV or any representative acting on his behalf, to include, but not limited to, manufacturer catalogs, purchase orders, invoices, and receipts.

11

## ATTACHMENT C

## PATIENT FILES TO BE SEIZED

The following is a list of the patients whose files are to be seized:

Feliks Ginzburg
Isabella Ginzburg
Roza Dikarev
Vladimir Dikarev

## ATTACHMENT C

## PATIENT FILES TO BE SEIZED

The following is a list of the patients whose files are to be seized:

Feliks Ginzburg
Isabella Ginzburg
Roza Dikarev
Vladimir Dikarev